IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRESTVIEW CLINICAL LABORATORY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 24-995 <br> (Judge Robin M. Meriweather) |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

This Answer tracks the organizational structure and numbering of plaintiff's complaint. *See* ECF 1. All allegations are denied unless expressly admitted, including but not limited to any headings.

The statements contained in the paragraph between the heading "COMPLAINT" and "I. INTRODUCTION" on page 1 of the complaint constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. Admits that in 2020, the World faced the COVID-19 Pandemic, otherwise denies the allegations contained in the first and second sentences of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth because the allegations are vague and ambiguous, *e.g.* in the lack of geographic specificity in the second sentence. Admits the third sentence of this paragraph.

2. Admits the allegations in the first sentence of this paragraph. Denies the allegations contained in the second sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations in the first and second sentence of this paragraph to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied. The allegations contained in the third sentence of this paragraph constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

5. The allegations contained in the first sentence of this paragraph constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits that HRSA established the Uninsured Program using appropriations provided by Congress. Admits that there were providers who received reimbursement from the Uninsured Program for testing, treatment, and vaccine administration for COVID-19 of uninsured individuals. Otherwise denies the allegations in this paragraph.

7. Admits the allegations in the first sentence of this paragraph to the extent supported by the law cited, which is the best evidence of its contents; otherwise denied. Denies the allegations in the second sentence of this paragraph.

8. Admitted.

9. Admits that HRSA established the Uninsured Program, which used appropriations provided by the CARES Act, the FFCRA, the PPPHCEA, and the ARPA. Admits that there were providers who received reimbursement from the Uninsured Program for testing, treatment,

2

and vaccine administration for COVID-19 of uninsured individuals, and that the earliest services that could be reimbursed occurred on February 4, 2020. Otherwise denies the allegations in this paragraph.

10. Admits the allegations in this paragraph to the extent supported by the statutes referenced, which are the best evidence of their contents; otherwise denied.[1]

11. Admits the allegations in this paragraph to the extent supported by the declaration quoted, which is the best evidence of its contents; otherwise denied.[2]

12. Denies the allegations contained in the first three sentences of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the last sentence of this paragraph.

13. Denies the allegation in the third sentence that HRSA delayed the Assessment, and denies the remainder of the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth because it is vague and ambiguous as to which claims specifically Crestview believes this allegations pertains.

14. Admits the allegations in this paragraph to the extent supported by the statute referenced, which is the best evidence of its contents; otherwise denied.

15. The allegations contained in this paragraph pertain to plaintiff's claims in Count IV, which have been dismissed; thus no answer is required. *See* ECF 18.

---

[1] The allegations contained in this footnote constitute a citation to which no answer is required.

[2] The allegations contained in this footnote constitute a citation to which no answer is required.

16.    The allegations contained in this paragraph constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17.    The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18.    Denied.

19.    The allegations contained in this paragraph constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20.    Denied.

21.    Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

22.    Admitted.

23.    Admits the allegations in the first sentence to the extent that on or about September 21, 2020 Crestview did enroll in the Uninsured Program and actually received reimbursements through the Uninsured Program; denies the remainder of the allegations in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth including because it is vague as to the term "participate."

24.    Denies the allegations contained in the first sentence of this paragraph for lack of

knowledge or information sufficient to form a belief as to their truth as the allegation is vague as to the context of the services alleged.  The allegations contained in the second sentence of this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25.    Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

26.    Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth including because the allegation is vague as to the term "administrator" and with respect to time.

27.    Admits the allegations in first and second sentence of this paragraph to the extent supported by the document cited, which is the best evidence of its contents; otherwise denied. Denies the allegations in the last sentence of this paragraph.[3]

28.    Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

29.    Denied.

30.    Denies the allegations contained in the first sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations in the second sentence to the extent that HRSA's contractor reversed approximately $3.4 million in payments when Crestview was placed on hold on or around January 24, 2022; denies the remainder of the allegations in the second sentence.  Denies the allegations contained in the third sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to

---

[3] The allegations contained in this footnote constitute a citation to which no answer is required.

their truth.  Denies the allegations in the last sentence of this paragraph.

31.      Denies the allegations contained in the first, second, and third sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations in the last sentence of this paragraph.

32.      Admits the allegations in this paragraph except denies the allegation in the final clause that funding had been exhausted at the time the announcement was made.

33.      Denies the allegations contained in the first sentence of this paragraph.  Admits the allegations in the second sentence of this paragraph to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.[4]

34.      Admits the allegations in this paragraph to the extent supported by the communication referenced, which is the best evidence of its contents; otherwise denied.

35.      Admits the allegations in this paragraph to the extent supported by the communication referenced, which is the best evidence of its contents; otherwise denied.

36.      Denied.

37.      Denies the allegation in the first sentence of this paragraph that there were payments "due and owing" to Crestview; admits the remaining allegations in the first sentence to the extent supported by the communication referenced which is the best evidence of its contents, otherwise denied.  Denies the allegations in the second sentence of this paragraph.

38.      Admits the allegations in this paragraph to the extent supported by the communication referenced, which is the best evidence of its contents; otherwise denied.

39.      Admits the allegations in this paragraph to the extent supported by the

---

[4] The allegations contained in this footnote constitute a citation to which no answer is required.

communication referenced, which is the best evidence of its contents; otherwise denied.

40.     Admits the allegations in this paragraph to the extent supported by the communication referenced, which is the best evidence of its contents; otherwise denied.

41.     Admits the allegations in this paragraph to the extent supported by the communication referenced, which is the best evidence of its contents; otherwise denied.

42.     Denies the allegation that "HRSA never provided records in response to the FOIA request"; admits the remaining allegations in this paragraph to the extent supported by the documents and communications referenced, which are the best evidence of their contents; otherwise denied.

43.     Denies the allegations in the first sentence that there were any "wrongfully reversed and/or withheld obligated funds," otherwise admits that as of October 2023, HRSA had not completed or shared its Assessment findings with Crestview.  Admits the allegations in the second sentence of this paragraph to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied. Admits the allegations in the last sentence of this paragraph.

44.     Admits the allegations in this paragraph to the extent that HRSA completed a "Preliminary Assessment Report" and shared those findings with Crestview on January 10, 2024. The remaining allegations contained in this paragraph constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45.     Denies the allegations in the first and third sentence of this paragraph.  Admits the allegations in the second sentence of this paragraph to the extent that the Final Assessment was issued on April 15, 2024.

46.      Defendant incorporates its answers to all the allegations contained in the preceding paragraphs.

47.      The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. .

48.      Denied.

49.      Admits the allegations in this paragraph to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.[5]

50.      Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

51.      Denies the allegations contained in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

52.      Denied.

53.      Denies the allegations contained in the first sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations in the second sentence.

54.      Denied.

55.      Defendant incorporates its answers to all the allegations contained in the preceding paragraphs.

56.      The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57.      The allegations contained in the first sentence of this paragraph constitute

---

[5] The allegations contained in this footnote constitute a citation to which no answer is required.

plaintiff's characterization of its case and legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegation in the second sentence that any of the elements of contract formation were present or a contract was formed are legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied; denies the remaining allegations contained in the second sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

58. Denied.

59. The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in the first sentence of this paragraph constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the remaining sentences of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

61. The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in this paragraph constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. Denied.

64. Denied.

65. Defendant incorporates its answers to all the allegations contained in the preceding paragraphs.

66.     The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67.     The allegations contained in this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.     The allegations contained in the first sentence of this paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

69.     Denied.

70.     Admits the allegations in the second sentence of this paragraph to the extent supported by the communication referenced, which is the best evidence of its contents; otherwise denies the allegations in this paragraph.

71.     Denied.

72.     Denied.

73.     Denied.

74.     The Court has dismissed this count; thus, no answer is required.  *See* ECF 18.

75.     The Court has dismissed this count; thus, no answer is required.  *See* ECF 18.

76.     The Court has dismissed this count; thus, no answer is required.  *See* ECF 18.

77.     The Court has dismissed this count; thus, no answer is required.  *See* ECF 18.

78.     The Court has dismissed this count; thus, no answer is required.  *See* ECF 18.

79.     The Court has dismissed this count; thus, no answer is required.  *See* ECF 18.

80.     Denies that plaintiff is entitled to the relief set forth in the prayer for relief, including the numbered subparagraphs, or to any relief whatsoever.

81.     Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CORINNE A. NIOSI
Assistant Director

OF COUNSEL

LU HAN
Public Health Division, Public Health &
Science Branch
Office of the General Counsel
U.S. Dept. of Health & Human Services

June 18, 2026

s/ Galina I. Fomenkova
GALINA I. FOMENKOVA
Senior Trial Counsel
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 514-5495
galina.fomenkova@usdoj.gov

*Attorneys for the United States*

11