- 1 -

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CRESTVIEW CLINICAL LABORATORY, LLC, a California Limited Liability Company,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　　Defendant. | No. 24-995<br>(Judge Robin M. Meriweather) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 26 and Appendix A of the Rules of the United States Court of Federal Claims (RCFC), the parties hereby respectfully submit this preliminary status report.

**(a)    Jurisdiction**

Plaintiff's Position:  Plaintiff states that the Court possesses jurisdiction over this action.

Defendant's Position:  Defendant states that it is not currently aware of any basis upon which to challenge this Court's jurisdiction over the action.

**(b)    Consolidation**

The parties are not presently aware of any case that should be consolidated with this case.

**(c)    Bifurcation**

The parties agree that this case should not be bifurcated.

**(d)    Deferral**

The parties are not presently aware of any reason for deferral of proceedings in this case.

**(e)    Remand/Suspension**

The parties do not anticipate a remand or suspension at this time.

**(f)    Joinder**

The parties do not contemplate the joinder of any additional parties at this time.

- 1 -

130511-00000007/10889974.3

**(g)     Dispositive Motions**

Plaintiff's Position: Plaintiff does not intend to file a dispositive motion at this time. Plaintiff has not yet had the opportunity to conduct any discovery which is necessary for its evaluation of potential dispositive motions. Once discovery has been conducted, Plaintiff will update the Court and Defendant's counsel if it determines that a basis exists for a dispositive motion(s).

Defendant's Position:  Defendant believes that this case may be resolved in whole or in part through motions for summary judgment, but does not, at present, intend to file further early dispositive motions.  As such, defendant does not propose a schedule for dispositive motions at this juncture, and proposes that the parties can confer on a schedule for motions for summary judgment after discovery ends, to the extent no such motions are filed during discovery.

**(h)     Relevant Issues**

Plaintiff's Position:

Plaintiff alleges that it entered into an express and/or implied-in-fact contract with HRSA through its participation in the COVID-19 Uninsured Program ("UIP") to provide COVID-19 testing services to uninsured individuals. Plaintiff contends that, in reliance on the UIP, it expanded its testing capacity, submitted eligible reimbursement claims before the March 22, 2022 program deadline, and complied with the applicable UIP requirements.

Plaintiff alleges that Defendant breached the parties' contract and the implied covenant of good faith and fair dealing by pausing and refusing payment of claims submitted before the UIP claims deadline. Plaintiff further contends that the claims at issue were obligated before enactment of the Fiscal Responsibility Act ("FRA") and therefore were not affected by the FRA's rescission of unobligated funds.

Discovery is expected to focus on, among other issues, the formation and terms of the

130511-00000007/10889974.3

parties' contractual relationship, HRSA's administration of the UIP, the processing and status of the Government's reimbursement of Plaintiff's unpaid claims, the basis for the payment pause, the Assessment process, the parties' communications, and Plaintiff's damages.

Defendant's Position:

The issues are, for each and every claim for which Crestview seeks reimbursement:

- Whether plaintiff can establish all the elements necessary for the formation of a valid contract with respect to that claim: (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract;

- Whether plaintiff can establish breach—*i.e.* a failure to perform a contractual duty when it is due—with respect to that claim of any valid contract.

- Whether plaintiff can establish the eligibility of reimbursement for each claim, including that the individual in fact was uninsured at the time of service, that the procedures for which reimbursement was sought were in fact performed, and properly coded and billed for, and whether the claim was properly submitted and met all other program requirements.

- Whether plaintiff can establish the obligation of funds for that claim prior to the passage of the Fiscal Responsibility Act.

**(i)       Likelihood of Settlement**

The parties currently do not know the likelihood of settlement of this case.  The parties are open to discussing settlement and/or considering mediation.  The parties intend to have an initial discussion about the case to determine whether they will agree to move forward with a settlement meeting or mediation process.

130511-00000007/10889974.3

**(j)  Trial**

In the event that this case is not settled or there is no disposition of the case based on dispositive motions, the parties anticipate that a trial would be necessary.

Plaintiff's Position:  Plaintiff's requests that the Court schedule trial in approximately one year.

Defendant's Position:  Defendant submits that scheduling a trial date at this juncture is premature.  Both parties agree that the Court should wait to set a schedule for expert discovery until at minimum closer to the completion of fact discovery, and defendant anticipates that dispositive motions may be appropriate, making anticipation of a trial schedule all the more uncertain at this juncture.

**(k)  Electronic Case Management Needs**

The parties are not aware of any electronic case management issues at this time.

**(l)  Additional Information**

The parties anticipate that a protective order will be necessary in this case because discovery is likely to implicate both Personally Identifiable Information and Protected Health Information of third party individuals.  The parties will confer about the contents of a protective order and file a separate motion with the Court.

The parties further agree to electronic service of all documents that cannot be served through the Court's CM/ECF system, including filings that are filed under seal and discovery requests and responses.

**(m)  Proposed Discovery Plan**

Plaintiff's Position: Plaintiff requests that the Court sets an approximate six-month discovery deadline for the close of fact discovery, with fact discovery to be completed no later than February 26, 2027.  Plaintiff currently intends to take at least 10 depositions of Defendant and third-party witnesses. However, based upon Defendant's responses to written discovery and

information obtained during discovery, Plaintiff may seek leave of Court to take additional depositions. (RCFC 30(a)(2)(A)(i) and RCFC 31(a)(2)(A)(i)).

Plaintiff anticipates that expert testimony may be necessary regarding, among other subjects, claims processing and reimbursement practices, damages, and any statistical or accounting analyses. Accordingly, Plaintiff requests that expert discovery commence following the close of fact discovery. Plaintiff further requests that the Court establish deadlines for expert disclosures, rebuttal disclosures, expert depositions, and any subsequent dispositive motions after the close of fact discovery at a subsequent status conference.

Defendant's Position:

Defendant requests that the Court set a close of fact discovery deadline on or around December 10, 2027.  Defendant agrees with plaintiff that the parties should revisit the need for expert discovery closer to the conclusion of fact discovery and, if necessary, establish a schedule for that expert discovery at that time.

However, defendant submits that plaintiff's proposal for only six months of fact discovery (especially overlapping with end of the year holidays where schedules become notoriously unpredictable and booked up) is unreasonable.  Plaintiff is purporting to seek $69 million in damages, on the basis of an unspecified, but by all indications significant—numbering in the tens of thousands or more—number of claims.  At the outset, plaintiff will first need to identify with precision each of those claims so the parties can proceed with a shared understanding of the universe of claims at issue.  That alone will take time.  Thereafter, because each claim rises and falls on its own, significant time and resources will be necessary for plaintiff to collect and produce and for defendant to review and analyze all of the documents that would be necessary to establish or refute the validity and eligibility of each claim, including, *inter alia*

130511-00000007/10889974.3

- 6 -

all of plaintiff's testing records, billing records, medical records, patient and insurance information, etc.  Moreover, as plaintiff concedes, discovery in this case may require significant third-party discovery, which further adds to the amount of time that would be reasonably necessary.

Because the parties have not yet exchanged initial disclosures, defendant does not yet know how many depositions it may need to take.  But defendant further observes that plaintiff's stated intention of taking "*at least* 10 depositions" and potentially seeking leave to take more only further undermines and is incompatible with its request for only six months of fact discovery.

Thus, a fact discovery deadline of December 10, 2027, is appropriate given that this case involves a demand for $69 million dollars; tens of thousands, if not potentially hundreds of thousands of claims; and the need for third-party discovery.

- 7 -

Date: August 6, 2026

 */s/ Elaine F. Harwell*
Elaine F. Harwell
Procopio Cory Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
Tel: 619-238-1900
Email:  elaine.harwell@procopio.com


OF COUNSEL:

Diane M. Racicot
Procopio Cory Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
Tel: 619-238-1900
Email: diane.racicot@procopio.com

*Counsel for Plaintiff*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CORINNE A. NIOSI
Assistant Director

 */s/ Galina I. Fomenkova*
GALINA I. FOMENKOVA
Senior Trial Counsel
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC  20044
Tel: 202-514-5495
Email: galina.fomenkova@usdoj.gov

OF COUNSEL:

LU HAN
Public Health Division, Public Health &
Science Branch
Office of the General Counsel
U.S. Dept. of Health & Human Services

*Attorneys for the United States*

130511-00000007/10889974.3